IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| REX SLOAN, | ) | |
| | ) | Case No. 1:23-cv-02464 |
| Plaintiff, | ) | |
| | ) | Judge Dan Aaron Polster |
| v. | ) | |
| | ) | OPINION & ORDER |
| MARKETSOURCE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

Before the Court is Defendant's motion to dismiss Count 9 of Plaintiff's amended complaint under Federal Rule of Civil Procedure 12(b)(6).  ECF Doc. 17.  Plaintiff, Rex Sloan ("Mr. Sloan"), brings this age, gender, disability, and wrongful termination case against his former employer, Defendant, MarketSource, Inc. ("MarketSource").  Plaintiff opposes Defendant's partial motion to dismiss.  ECF Doc. 18.  For the following reasons, the Court GRANTS MarketSource's motion to dismiss Count 9 of the amended complaint.

Background and Procedural History

Mr. Sloan is 63 years old and worked for MarketSource as a sales account manager from July 2013 to July 2022.  ECF Doc. 15, ¶¶ 3, 10.  On July 14, 2022, MarketSource fired Mr. Sloan, after placing him on a performance improvement plan in December 2021 and a second one in June 2022.  *Id.* at ¶¶ 38, 42.  Plaintiff alleges that Mr. Sloan began having problems at MarketSource only after the COVID-19 pandemic when his direct supervisor, Margarita Paizer ("Ms. Paizer"), "who is more than seven (7) years his junior, began to target Sloan with harassment on the basis of age, gender and disability."  *Id.* at ¶ 16.  Plaintiff contends that his termination was not related to his actual work performance or purported non-compliance with MarketSource's polices and procedures, but rather "because he was a highly compensated older

1

male employee with disabilities that MarketSource wanted to replace with a younger, less expensive and non-disabled employee." *Id.* at ¶¶ 46-48.

Plaintiff filed the instant case on December 29, 2023.  ECF Doc. 1.  Plaintiff asserts the following violations: Unlawful intentional age discrimination (disparate treatment), in violation of the Age Discrimination in Employment Act ("ADEA") of 1967, 29 U.S.C. § 621 (Count 1); Unlawful intentional age discrimination (disparate treatment), in violation of the Ohio Civil Rights Act (OCRA), Ohio Revised Code (R.C.) § 4112.01 (Count 2); Reverse gender discrimination, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C § 2000e (Count 3); Reverse gender discrimination, in violation of R.C. § 4112.02(A) and § 4112.99 (Count 4); Violation of the Americans with Disabilities Act based on disability/perceived disability (Count 5); Disability discrimination, in violation of OCRA, R.C. § 4112.01 (Count 6); Intentional infliction of emotional distress (Count 7); Retaliation, in violation of Title VII, 42 U.S.C. § 2000e – 3(a) (Count 8); Wrongful termination in violation of public policy (Count 9); and Negligent retention/supervision (Count 10).  ECF Doc. 1.

Approximately one month later, MarketSource filed an answer and a motion to dismiss Count 9.  ECF Docs. 9, 10.  On February 2, 2024, Plaintiff filed an unopposed motion for leave to amend (ECF Doc. 13) and his first amended complaint.  ECF Doc. 15.  The amended complaint sets forth the same allegations as the original complaint, with one important exception concerning Count 9.  Count 9 in the original complaint alleges wrongful termination in violation of public policy "on the basis of age and/or disability."  ECF Doc. 1, ¶ 132.  Count 9 in the amended complaint alleges wrongful termination in violation of public policy "on the basis of disability alone."  ECF Doc. 15, ¶ 132.  On February 16, 2024, Defendant filed an answer (ECF Doc. 16) and a motion to dismiss Count 9 of the Plaintiff's amended complaint (ECF Doc. 17), which is the subject of this opinion and order.  Plaintiff filed his opposition on

2

February 27, 2024. ECF Doc. 18. And on March 5, 2024, MarketSource filed its reply. ECF Doc. 22.

## Rule 12(b)(6) Standard and Analysis

Rule 12(b)(6) permits a court to dismiss a claim when a party fails to plead facts on which relief can be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The Plaintiff is not required to include "detailed factual allegations," but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citation omitted). Dismissal is proper "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). In reviewing a complaint, this Court "must construe the complaint in the light most favorable to the plaintiff and accept all allegations as true." *Doe v. Miami Univ.*, 882 F.3d 579, 588 (6th Cir. 2018) (citation omitted).

Turning to Defendant's motion, MarketSource argues that Count 9 fails as a matter of law under the 2021 amendments to R.C. § 4112, Ohio state law, and Sixth Circuit precedent. ECF Docs. 17, 22. Plaintiff opposes Defendant's motion to dismiss. ECF Doc. 18. Plaintiff argues that "the Supreme Court of Ohio has not expressly considered whether plaintiffs in Ohio may maintain a claim for wrongful termination in violation of Ohio public policy based on

3

disability and/or perceived disability." *Id.* at p. 6. Additionally, he contends that "some Ohio courts found that claims for wrongful termination in violation of Ohio public policy on the basis of disability are viable" and such cases are still good law. *Id.*

To state a claim for wrongful discharge in violation of public policy, Plaintiff must establish four elements:

> (1) that a clear public policy existed and was manifested either in a state or federal constitution, statute or administrative regulation or in the common law ("the clarity element"),
> (2) that dismissing employees under circumstances like those involved in the plaintiff's dismissal would jeopardize the public policy ("the jeopardy element"),
> (3) the plaintiff's dismissal was motivated by conduct related to the public policy ("the causation element"), and
> (4) the employer lacked an overriding legitimate business justification for the dismissal ("the overriding-justification element").

*Miracle v. Ohio Dep't of Veterans Servs.*, 157 Ohio St. 3d 413, 415-16, 2019-Ohio-3308, 137 N.E.3d 1110, ¶ 12 (citing *Collins v. Rizkana*, 73 Ohio St.3d 65, 67, 1995-Ohio-135, 652 N.E.2d 653 (1995)). The first two elements are questions of law while the last two are questions of fact. *Id.* citing *Collins* at 70.

The Court need not belabor the application of these elements to Count 9 because this Court previously considered the identical issue in *Hayest v. Cleveland Clinic Found.*, 2006 U.S. Dist. LEXIS 109671 (N.D. Ohio June 12, 2006) (J. Polster). In *Hayest*, this Court dismissed under Rule 12(b)(6) the plaintiff's wrongful termination in violation of public policy claim on the basis of disability, where she also alleged violations of the Ohio Civil Rights Act, R.C. § 4112, and the Americans with Disabilities Act. *Hayest* at *2, *6. This Court explained:

> Plaintiff cannot prove the second (jeopardy) element. An analysis of the jeopardy element involves inquiring into the existence of any alternative means of promoting the particular public policy to be vindicated by a common law [*4] claim for wrongful discharge. *Wiles*, 773 N.E.2d at 531. If there already exists a statutory remedy that adequately protects society's interests, there is no need to recognize a common law action for wrongful discharge. *Id.* In *Wiles*, the Ohio

4

> Supreme Court held that Ohio does not recognize a cause of action for wrongful discharge based solely on the public policy expressed in the Family and Medical Leave Act ("FMLA") because the statutory remedies in the FMLA adequately protect the public policy embedded in that Act. *Id.* at 533, 535.
>
> Following the decision in *Wiles*, a number of courts in this state have **declined to recognize claims for wrongful discharge based on the public policy expressed in R.C. § 4112 on the grounds that the remedies under § 4112 provide sufficient relief to vindicate the policy goals set forth in that statute**. *See e.g.,Barlowe v. AAAA Int'l Driving Sch., Inc.*, No. 19794, 2003-Ohio-5748, 2003 WL 22429543 (Ohio Ct. App. Oct. 24, 2003) (affirming summary judgment on a claim of wrongful discharge based on the public policy against disability discrimination expressed in § 4112 on the grounds that the statute provides adequate relief); *Lewis v. Fairview Hosp.*, 156 Ohio App. 3d 387, 2004-Ohio 1108, 806 N.E.2d 185 (Ohio Ct. App. 2004) (race discrimination); *Thaman v. Ohiohealth Corp.*, No. 2:03 CV 210, 2005 U.S. Dist. LEXIS 12872, 2005 WL 1532550 (S.D. Ohio June 29, 2005) (sex discrimination).

*Id.* at *3-4 (emphasis added). In other words, this Court continues to agree "with the majority of Ohio courts that have concluded that the statutory remedies provided by § 4112 are sufficiently comprehensive to protect the policy objectives set forth therein." *Id.* at *5. The Court adopts its prior analysis regarding that plaintiff's claim for wrongful termination in violation of public policy. *See Hayest* at *3-6.

In the instant case, Plaintiff's Counts 5 and 6 also allege unlawful discrimination on the basis of disability, in violation of the ADA (Count 5) and R.C. § 4112.01 of the OCRA (Count 6). ECF Doc. 15. Both statutes provide adequate protection and remedies for wrongful discharge based on disability. *See Barton v. Air Express Intern. USA, Inc.*, 2007 U.S. Dist. LEXIS 19053, *2 (N.D. Ohio Mar. 19, 2007) (dismissing public policy claim where plaintiff had adequate remedies under the ADA, R.C. § 4112, and Title VII). Finally, the 133rd General Assembly amended R.C. § 4112 through House Bill 352 (effective April 15, 2021) and left little room to debate the matter further. Section 3 of House Bill 352 states in pertinent part:

> It is the intent of the General Assembly that common law claims for wrongful discharge are not available for actions maintainable under Chapter 4112 of the

5

> Revised Code and that the procedures and remedies set forth in Chapter 4112 of the Revised Code are the sole and exclusive procedures and remedies available under state law for claims of unlawful discriminatory practice relating to employment that are governed by that chapter.

2019 Ohio HB 352.  Finally, the Court's finding is consistent with more recent Ohio district court opinions that have similarly dismissed wrongful discharge in violation of public policy claims, where federal and Ohio statues provided available redress and remedies.  *See e.g. Day v. Nat'l Elec. Contractors Ass'n*, 82 F. Supp. 3d 704, 708 (S.D. Ohio 2014) (collecting cases).  Accordingly, Plaintiff's Count 9 is not a cognizable claim.

## Conclusion

For the foregoing reasons, the Court GRANTS Defendant's motion and DISMISSES WITH PREJUDICE Count 9 of the amended complaint.

IT IS SO ORDERED.

Date: March 8, 2024

*/s/ Dan Aaron Polster*
Dan Aaron Polster
United States District Judge